JURY TRIAL DEMANDED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BRENDA LAYTON, <br><br> Plaintiff, <br><br> vs. <br><br> QUIKTRIP CORPORATION, <br><br> Serve:  CT Corporation System <br> 120 South Central Ave. <br> Clayton, MO 63105 <br><br> and <br><br> JANE DOE, <br><br> *Hold Service* <br><br> Defendants. | No.  4:21-cv-00389 |

## NOTICE OF REMOVAL

For its Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and Local Rules 2.02 and 2.03, Defendant QuikTrip Corporation ("QT"), states as follows:

1. On November 18, 2020, Plaintiff Brenda Layton ("Plaintiff") filed a Petition commencing a civil action against QT in the Circuit Court of St. Louis County, Missouri, captioned *Brenda Layton vs. QuikTrip Corporation and Jane Doe*, Case No. 20SL-CC05699 (the "underlying action").

2. A copy of the Petition in the underlying action, along with all process, pleadings, orders, and other documents on file in the Circuit Court of St. Louis County, Missouri, are attached to and incorporated by reference in this Notice as Exhibit A.

3. Plaintiff claims that she slipped and fell at a QT location due to an accumulation of liquid on the floor "in and around" the women's restroom on or about December 8, 2018. Plaintiff contends that QT knew or could have known about the alleged unsafe condition, and that QT failed to use ordinary care to remedy, barricade, or warn of said condition. *See* Ex. A, Pet. ¶¶ 7-9.

4. The underlying action is a civil action as to which this Court has original jurisdiction under 28 U.S.C. § 1332 and is removable to this Court pursuant to 28 U.S.C. § 1441 because (1) Plaintiff's claims are wholly of a civil nature, and there is complete diversity of citizenship between Plaintiff and QT, (2) the amount in controversy exceeds $75,000, exclusive of interest and costs, and (3) all other requirements for removal have been satisfied.

## I.   VENUE AND JURISDICTION

5. The United States District Court for the Eastern District of Missouri is the appropriate Court for the filing of this Notice of Removal, and venue in the Eastern Division is proper pursuant to 28 U.S.C. § 105(a)(1) and E.D.Mo. L.R. 2.07(A)(1), as the underlying action originated in the Circuit Court of St. Louis County, Missouri, which is embraced by the Eastern District and located within the Eastern Division.

6. Venue is also appropriate under 28 U.S.C. § 1391(b)(2), as a substantial part of the events alleged in Plaintiff's Petition are alleged to have occurred in this District. See Ex. A, Pet. ¶ 4.

## II.   THERE IS COMPLETE DIVERSITY BETWEEN THE PARTIES

7. Upon information and belief, Plaintiff is a citizen and resident of the State of Michigan. *See* Ex. A, Pet. ¶ 1.

8. QuikTrip Corporation is a citizen of the State of Oklahoma with its principal place of business in Tulsa, Oklahoma.

9. While Plaintiff speculatively alleges that Defendant Jane Doe is a Missouri resident, this Doe Defendant has never been served with a copy of Plaintiff's Petition. Because the plain language of 28 U.S.C. § 1441(b) does not require the court to consider unserved defendants, and the only potential forum defendant in this case has not been served, the Jane Doe Defendant here does not defeat diversity jurisdiction. *See Brake v. Reser's Fine Foods, Inc.*, No. 4:08CV1879 JCH, 2009 WL 213013, at *3 (E.D. Mo. Jan. 28, 2009) (denying remand and rejecting application of the forum defendant rule where Missouri defendants had not been served at the time of removal); *Johnson v. Precision Airmotive, LLC*, No. 4:07CV1695 CDP, 2007 WL 4289656, at *6 (E.D. Mo. Dec. 4, 2007) (denying remand where plaintiffs and defendants were diverse, and the removing defendants filed their notice of removal before the forum defendants were served).

10. Accordingly, there is complete diversity of citizenship between Plaintiff and Defendants, and the forum defendant rule is inapplicable. *See* 28 U.S.C. §§ 1332(a); 1441(b)(2).

**III.   THE AMOUNT IN CONTROVERSY IS SATISFIED**

11. Plaintiff's Petition does not allege a specific monetary amount she seeks for damages. Plaintiff's initial pleading demands only an unspecified amount of damages in excess of $25,000. *See* Ex. A, Pet. p. 3.

12. QT served its First Set of Interrogatories on Plaintiff on January 21, 2021. Plaintiff answered on March 5, 2021. In response to QT's Interrogatory asking whether Plaintiff seeks more than $75,000 in this lawsuit, Plaintiff responded "Yes." *See* Plaintiff's Answers to Defendant QuikTrip Corporation's First Set of Interrogatories, No. 2, attached hereto as Exhibit B.

### IV.     OTHER REQUIREMENTS

#### A.     QT's Removal is Timely

13.     Plaintiff's March 5, 2021 discovery responses are the first time any pleading or subsequent motion, order, or other paper contained information from which it could be first ascertained that the case is one which is or has become removable.

14.     The Eighth Circuit follows the "Explicit Disclosure" rule regarding the amount in controversy. *See Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 973-74 (8th Cir. 2011); *In re Willis*, 228 F.3d 896, 897 (8th Cir. 2000); *Hesser v. Home Depot U.S.A., Inc.*, No. 4:13-CV-227 CAS, 2013 WL 1914435, at *3 n. 2 (E.D. Mo. May 8, 2013).

15.     Under the Explicit Disclosure rule, the thirty-day time limit of § 1446(b)(1) begins running upon receipt of the initial complaint only when the complaint explicitly discloses the plaintiff is seeking damages in excess of the federal jurisdictional amount. *Knudson*, 634 F.3d at 974; *In re Willis*, 228 F.3d at 897; *Hesser*, 2013 WL 1914435 at *3.

16.     "The weight of authority holds that pre-litigation knowledge is not pertinent to the removal analysis." *Hesser*, 2013 WL 1914435 at *4. This Court has held that "the greater weight of appellate opinion, with which the Eighth Circuit has expressed agreement, supports the conclusion that the receipt of information through the processes and papers of litigation is what triggers the thirty-day time limit for purposes of § 1446(b)." *Machany v. Healthy All. Life Ins. Co.*, No. 4:08CV721-DJS, 2008 WL 3875335, at *1 (E.D. Mo. Aug. 15, 2008).

17.     Plaintiff's interrogatory answer was the first time she explicitly disclosed that she was seeking more than $75,000 in damages after filing her Petition in state court.

18.     While Plaintiff made a pre-litigation settlement demand in excess of $75,000, this demand is not pertinent to this Court's removal analysis because the demand was not received

4

after Plaintiff initiated this litigation. "The plain language of the second paragraph of § 1446(b) requires that if an 'other paper' is to start the thirty-day time period, a defendant must receive the 'other paper' <u>after</u> receiving the initial pleading." *Hesser*, 2013 WL 1914435 at *4 (emphasis added) (citing *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992)).

19. The facts of this case are nearly indistinguishable from *Hesser v. Home Depot U.S.A., Inc*. In *Hesser*, the plaintiff made a pre-suit settlement demand of $400,000, and disclosed that he had incurred approximately $11,000 in medical bills. *Id.* at *2. This Court denied Plaintiff's motion for remand and held in *Hesser* that "it must 'rely on the face of the initial pleading and on the documents exchanged in the case by the parties to determine when the defendant had notice of the grounds for removal, requiring that those grounds be apparent within the four corners of the initial pleading or <u>subsequent</u> paper.'" (emphasis added) (citing *Machany*, 2008 WL 3875335 at *2).

20. Likewise, in the instant case, Plaintiff made a pre-suit settlement demand in excess of $75,000, and she disclosed only approximately $11,000 in medical bills. Because Plaintiff's total medical bills were relatively low and pre-suit settlement demands often represent puffery or posturing, Defendant was unable to determine to the requisite degree of legal certainty whether the amount in controversy was met. Rather, QT sought such legal certainty through written discovery by explicitly asking whether Plaintiff was seeking over $75,000 in damages. QT timely filed this Notice of Removal within thirty days of receiving Plaintiff's discovery responses when she explicitly disclosed that she was seeking over $75,000 on March 5, 2021.

21. Accordingly, this Notice of Removal is being filed within 30 days after receipt by QT of an "other paper from which it may first be ascertained that the case is one which is or has become removable" under 28 U.S.C. §1446(b)(3). *See Hesser*, 2013 WL 1914435 at *2-3; *Phillips*

5

*v. Lieffring*, No. 16-06154-CV-SJ-RK, 2017 WL 354289, at *1-2 (W.D. Mo. 2017) (30-day removal clock started when discovery answers revealed the amount in controversy exceeded $75,000).

22. This Notice complies with the general rule under 28 U.S.C. § 1446(c) that notice of removal be filed not more than one (1) year after commencement of the action.

**B.     All Other Predicates for Removal Are Satisfied**

23. The action is not an action described in 28 U.S.C. § 1445.

24. Written notice of the filing of this Notice of Removal will be promptly given to Plaintiff, as required by 28 U.S.C. § 1446(d).

25. Written notice of the filing of this Notice of Removal will be promptly filed with the Clerk of the Circuit Court of St. Louis County, Missouri, as required by 28 U.S.C. § 1446(d).

26. No previous Notice of Removal has been filed in or made to this Court for the relief sought herein.

27. By filing this Notice, QT does not waive any of its affirmative defenses, including but not limited to its right to move to dismiss this action pursuant to Rule 12 of the Federal Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE that, in the event Plaintiff seeks to remand this case or the Court considers remand, *sua sponte*, QT requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, QuikTrip Corporation prays that the above-captioned case pending in the Circuit Court of St. Louis County, Missouri, be removed to this federal court for further proceedings based on diversity of citizenship jurisdiction, that this court take jurisdiction herein, and for any other and further relief as this court deems just and proper.

Respectfully submitted,

ARMSTRONG TEASDALE LLP

By: */s/ Matthew J. Reh*
Matthew J. Reh, #49418 MO
Katherine Ricks, #70322 MO
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
Telephone:  314.621.5070
Fax:  314.621.5065
mreh@atllp.com
kricks@atllp.com

ATTORNEYS FOR DEFENDANT
QUIKTRIP CORPORATION

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2021, the foregoing was filed electronically with the Clerk of Court and will be served by mail, email, and by operation of the Court's electronic filing system upon the following:

Justin D. Guerra
Holloran Schwartz & Gaertner LLP
9200 Litzsinger Road
St. Louis, MO 63144
314.772.8989 phone
314.279.1333 fax
jguerra@holloranlaw.com

ATTORNEYS FOR PLAINTIFF

                                                */s/ Matthew J. Reh*